IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FELIX MERCADO-IRIZARRY,**
  Petitioner,

  v.

**UNITED STATES OF AMERICA,**
  Respondent.

**CIVIL NO. 09-1026(PG)**
**RELATED CRIM. 00-333(PG)**

## **OPINION & ORDER**

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. The Government's Response (D.E. 5). Petitioner's Reply to the Government Response (D.E. 7) and the Government, as ordered by the Court, Sur-Reply (D.E. 35). In addition, Petitioner has filed a Motion for Summary Judgment (D.E. 36). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

## **I. BACKGROUND**

On December 12, 2001, Petitioner Felix Mercado-Irizarry(hereinafter "Mercado-Irizarry" or "Petitioner")was sentenced, to a term of imprisonment of life. A jury had previously found Petitioner guilty of violations to Title 21, United States Code, Section 846(Crim.D.E.499)[2]. Judgment was entered on December 20, 2001, (Crim. D. E. 532).

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 09-1026(PG)                                                    Page 2

On December 26, 2001, Petitioner filed a Notice of Appeal (Crim. D.E. 554). On April 11, 2005, the First Circuit Court of Appeals issued its Judgment affirming Petitioner's conviction but vacating and remanding the sentence imposed in light of United States v. Booker, 125 S.Ct. 738(2005), United States v. Mercado-Irizarry, 404 F.3d 497 (1st Cir. 2005). On October 11, 2005, the Court pursuant to the Mandate issued by the First Circuit Court of Appeals proceeded with the re-sentencing of Petitioner (Crim. D.E. 847). Mercado-Irizarry was re-sentenced to a term of imprisonment of life (Crim. D.E. 847). On October 11, 2005, the Amended Judgment against Petitioner was entered (Crim. D.E. 848).

On October 24, 2005, Mercado-Irizarry filed a Notice of Appeal (Crim. D.E. 849). On July 18, 2007, The First Circuit Court of Appeals issued its Judgment affirming Mercado-Irizarry's life sentence (Appeal No. 05-2731, 1st Cir. July 18, 2007) (Crim. D.E. 957). On August 10, 2007, the First Circuit Court issued its Mandate on the matter (Appeal Docket of Appeal No. 05-2731).

On October 4, 2007, Petitioner filed two (2) motions before the First Circuit Court of Appeals, a motion to recall mandate and a petition for panel rehearing (Appeal Docket of Appeal No. 05-2731). On November 21, 2007, the First Circuit Court issued an Order denying the request for stay of mandate(Appeal Docket of Appeal No. 05-2731). There are no further entries in the appeal docket.

The Appeals record reflects that the motion for panel rehearing was untimely therefore Petitioner's ninety (90) day for filing of certiorari before the Supreme Court began as of July 18, 2007. Mercado-Irizarry did not file a writ for certiorari, hence his conviction became final on October 16, 2007[3]. Therefore Petitioner had one (1) year from October 16, 2007, to file a Section 2255 Petition for Relief. Mercado-Irizarry filed his 2255 Petition on January 13, 2009, therefore the same is untimely.

## II. DISCUSSION

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

If a defendant does not file a petition for writ of certiorari with the United States Supreme Court after direct appeal, the judgment of conviction is final when the

---

[3]Even if the Court were to use the date of Mandate of the First Circuit, August 10, 2007 (which is contrary what is expressly stated in the Rules of the Supreme Court), the ninety (90) day period would have expired on November 8, 2007. Which means even in the light most favorable for Mercado-Irizarry his petition is still untimely.

time for filing a certiorari petition expires, Derman v. United States, 298 F.3d 34 (1st Cir. 2002).  Pursuant to the Rules of the Supreme Court, Rule 13.1 a petition for writ of certiorari is timely when it is filed within ninety (90) days following the entry of judgment.

In the case at hand, the issue of when Petitioner's conviction became final centers around his filing of two separate motions before the First Circuit and the Circuit's disposition of the matter.

On October 4, 2007, Mercado-Irizarry filed a motion to recall mandate as well as petition for panel rehearing (Appeal Docket of Appeal No. 05-2731).  Both filings were done as a result of the First Circuit Court's Judgment affirming Petitioner's re-sentence of life.

Judgment by the First Circuit, regarding Petitioner's life re-sentence, was issued on July 18, 2007, (Appeal No. 05-2731, 1st Cir. July 18, 2007) (Crim. D.E. 957).  The Circuit's subsequent Mandate was issued on August 10, 2007, (Appeal Docket of Appeal No. 05-2731).

On November 21, 2007, the First Circuit Court issued an Order denying the request for stay of mandate(Appeal Docket of Appeal No. 05-2731).  The order states " ORDER entered by Chief Judge Michael Boudin, Judge Juan R. Torruella, Judge Kermit V. Lipez.  Construed as a motion to recall mandate, the request for stay of mandate pending request for rehearing is denied. [05-2731, 06-1015, 05-1081](Appeal Docket of Appeal No. 05-2731).  Said order is the last

Civil No. 09-1026(PG)                                                   Page 5

entry in Mercado-Irizarry's appeal docket. The Court did not hold a re-hearing, nor did it entertain the petition for re-hearing.

Pursuant to Rule 41(d)(1)of the Federal Rules of Appellate Procedure, the timely filing of a petition for panel rehearing automatically stays the court's mandate. Pursuant to Rule 40(a)(1) of the Federal Rules of Appellate Procedure a petitioner has fourteen (14) days from entry of judgment to file a petition for panel rehearing. The appeals docket reflects that the Judgment affirming Mercado-Irizarry's re-sentence was entered on July 18, 2007. Therefore Petitioner had until August 1, 2007, to timely file his petition for panel re hearing.

The appeals record reflects that Mercado-Irizarry, did not file his petition for rehearing until October 4, 2007, therefore the same was untimely and could not produce the desired stay[4]. Supreme Court Rule 13(3) states "If a petition for rehearing is timely filed in the lower court...the time to file the petition for writ of certiorari...runs from the date of the denial of the petition for rehearing." Therefore, the filing and pendency of an untimely motion for rehearing does not alter the tolling of the ninety (90) day period of either filing a writ of certiorari or finality of a judgment. The

---

[4] The mere filing of a petition for rehearing does not trigger an automatic granting of the request, see: Rule 40 of the Federal Rules of Appellate Procedure.

Supreme Court has stated that even though a petition for rehearing was filed late, if a court of appeals grants permission to file, it becomes timely and the ninety-day clock for filing petitions for writ of certiorari is reset, see: Young v. Harper, 520 U.S. 143 (1997). In the case at hand the appeals court never granted Mercado-Irizarry permission to file outside the fourteen (14) day time limit, therefore the request remained untimely and did not restart the clock.

Supreme Court Rule 13.3 provides that:
> The time to file a petition for a writ of certiorari runs from the date of entry of the judgement or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

In the case of Mercado-Irizarry the order entered by the First Circuit Court of Appeals dated November 21, 2007, did not address the untimely filing of a re-hearing. What it did was to deny a stay that was on its face inapplicable

Civil No. 09-1026(PG)                                              Page 7

due to the untimely filing of the requested re-hearing[5]. There is no evidence on the record which indicates that the appeals court entertained the request for re-hearing.

Therefore, the entry of judgment by the Court of Appeals was July 18, 2007, the ninety (90) days to file a writ of certiorari expired on October 16, 2007. Since Mercado-Irizarry did not file a writ of certiorari his conviction became final on October 16, 2007. Petitioner had until October 16, 2008, to timely file his Request for Section 2255 relief in order for it to be considered by the Court. Due to the fact that Mercado-Irizarry filed his 2255 Petition on January 13, 2009, almost three (3) months after the one year statute of limitations had expired, the same is time barred.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **FELIX MERCADO-IRIZARRY**, is not entitled to federal habeas relief on the claim presented due to the fact that the same is time barred. Accordingly, it is ordered that Petitioner **FELIX MERCADO-IRIZARRY's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E. 1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner **FELIX MERCADO-IRIZARRY'S** Motion for

---

[5] An untimely filed petition for rehearing does not suspend the 90 day deadline for filing writ of certiorari Close v. United States, 336 F.3d 1283 (11 Cir. 2003).

Civil No. 09-1026(PG)                                              Page 8

Summary Judgment (D.E. 36) is **DENIED.**

**IV. CERTIFICATE OF APPEALABILTY**

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th of March 2013.

**JUAN M. PEREZ-GIMENEZ**

**UNITED STATES DISTRICT JUDGE**